UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDRES MITOGO LATE ABUY,

               Petitioner,

v.

UNKOWN PARTY,

               Respondent.

_____/

Case No. 1:26-cv-1040

Hon. Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at Calhoun County Jail located in Calhoun County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 without prejudice.

**FACTUAL BACKGROUND**

Petitioner is a native and citizen of Equatorial Guinea. (ECF No. 4-1, PageID.21). Petitioner entered the United States on a tourist visa on or about November 18, 2019. (ECF No. 4-2, PageID.26). The visa terms allowed him to stay in the United States until May 17, 2020. (*Id.*). Petitioner, however, stayed past that date.[1] (*Id.*).

On June 5, 2025, immigration officials arrested Petitioner while executing a warrant. (ECF No. 4-3, PageID.31). The Department of Homeland Security (DHS) issued Petitioner a Form I-

---

[1] One of the Respondent's exhibits states that the Petitioner's visa allowed him to stay in the United States until August 27, 2024, rather than May 17, 2020. (ECF Nos. 4-1, 4-3). That factual discrepancy, however, does not affect the Court analysis because the Petitioner stayed in the United States past either date.

862, NTA, charging Petitioner with inadmissibility under § 237(a)(1)(B) of the Immigration and Nationality Act (INA) because Petitioner remained in the United States longer than permitted by his visa. (ECF No. 4-1, PageID.21).

On July 23, 2025, the Detroit Immigration Court denied Petitioner's application for asylum and withholding of removal and ordered Petitioner removed to Equatorial Guinea. (ECF No. 4-4. PageID.34). Petitioner appealed that decision. (ECF No. 4-5, PageID.40). On February 11, 2026, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal of his removal order. (*Id.*).

Petitioner filed the present petition on March 30, 2026. (ECF No. 1). In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7). In an order entered on April 2, 2026 the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (ECF No. 3) Respondents filed their response on April 7, 2026. (ECF No. 4.)

HABEAS CORPUS LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

2

## DISCUSSION

Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(1). Respondents counter Petitioner's arguments by arguing that Petitioner is not being detained under § 1225(b)(1) but is subject to a final order of removal and, therefore, subject to mandatory detention under 8 U.S.C. § 1231(a).

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). In other words, "[w]hile removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (internal citations omitted).

Here, the BIA affirmed the Detroit Immigration Court's order of removal on February 11, 2026, thereby rendering the order of removal administratively final. As a result, Petitioner is presently within the 90-day removal period and is subject to mandatory detention under § 1231(a)(2)(A). Therefore, based on the information presently before the Court, the Court will dismiss Petitioner's § 2241 petition without prejudice.

## CONCLUSION

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    April 17, 2026                          /s/ Robert J. Jonker
                                                  Robert J. Jonker
                                                  United States District Judge

3